Dear Mr. Skyring:
This office is in receipt of your request for an opinion of the Attorney General in regard to forfeiture of cash bonds for non-appearance in misdemeanor traffic violation cases. You indicate some courts accept a cash bond with the condition that a failure to appear for arraignment will constitute a guilty plea, and the cash bond will be forfeited. The cash bond is equal to the amount that the fine and court costs would be if the person had appeared and entered a plea of guilty. The person's conviction is forwarded to the Department of Public Safety and will appear on the driver's file.
In the Baton Rouge City Court it has been the practice that when the party does not appear the cash bond is forfeited and a bench warrant is issued for his arrest. However, it has been suggested that the City Court order the bond forfeited to pay the outstanding fines without the issuance of a bench warrant. This would resolve cases more quickly, require less man power and paper work and alleviate the eventual need to transfer abandoned bond money to the state.
Accordingly, you ask the following questions:
 1. May the city court adopt a system in which a motorist charged with misdemeanor traffic offenses pays a cash bond equal to the potential fines and court costs with the agreement that his failure to appear for arraignment will constitute a guilty plea on his behalf and the bond will be forfeited in lieu of any fine and court costs;
 2. If this procedure is acceptable, what will be the effect on enhancement of penalties on subsequent charges; and
 3. If the procedure is not acceptable, what steps can be taken to permit this procedure?
It is pertinent to observe that R.S. 32:398.2 covers the disposition of traffic citations. It provides that the original citation or a copy of the traffic citation is to be deposited with a court having jurisdiction over the alleged offense, and shall be disposed of "only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, * * *."
While the forfeiture may be ordered by the judge for a party's failure to appear, we do not find this statute, or any other, permits a guilty plea to be entered for a misdemeanor traffic violation at the time of the forfeiture.
La. C.Cr.P. Art. 553 provides that with few exceptions the defendant in a felony case shall plead in person. La. C.Cr.P. Art. 553(B) allows a judge, pursuant to local district court rule, to permit a defendant in a noncapital felony case to waive formal arraignment and enter a plea of not guilty without pleading in person. This article requires that the plea of not guilty be in writing. However, there is no statute which allows a defendant in a felony case to plead guilty without being present.
On the contrary, a defendant charged with a misdemeanor may plead guilty through counsel with consent of the court or appear at arraignment by way of simultaneous audio-visual transmission. These are the only situations when a guilty plea may be entered for a defendant who is not present in court; we find nothing which would allow a guilty plea by way of a prior written consent of the defendant at the time he gives a cash bond.
Therefore, in answer to your first question, we do not find any statutory provisions which allow a guilty plea to be entered for a defendant that is not present in court or represented at the time by counsel.
Having reached this conclusion, your second question in regard to enhancement of subsequent charges is not applicable.
As to your third question, it would appear the solution to permit this proposed procedure would have to be by an amendment to the C.Cr.P. Article 553 to allow a plea of guilty to be entered by written agreement of a defendant if he fails to appear for arraignment and at the time the bond is forfeited. Of course, the agreement would have to be at the defendant's discretion, and in no way be obligatory when giving a cash appearance bond.
It would also be necessary, if there was an amendment to permit a guilty plea by written agreement at the time of the forfeiture of the cash bond, that the forfeiture articles of Title 15 be amended accordingly.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/2015f